UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Zhiwar Ismail, | Case No. 25-CV-3286 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Clay County Jail Correctional Officers, | |
| Respondent. | |

Petitioner Zhiwar Ismail, a state detainee, has filed a petition for a writ of habeas corpus challenging in part the legality of a criminal prosecution against him and in part the conditions of his current confinement. That habeas petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court recommends that Ismail's habeas petition be denied without prejudice and this case dismissed.

At the time Ismail filed his petition, he was detained in state custody pending trial on a charge of unlawfully possessed a firearm in violation of state law. (Dkt. 1 at 1.) On November 13, 2025, a jury convicted Ismail of the charged offense. Verdict at 1, *State v.*

---

[1] Ismail's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

*Ismail*, No. 14-CR-25-610 (Minn. Dist. Ct. Nov. 13, 2025).[2] Ismail remains in custody pending sentencing, which is scheduled for January 7, 2026. Release Order at 1, *State v. Ismail*, No. 14-CR-25-610 (Minn. Dist. Ct. Nov. 13, 2025). The habeas petition now before the Court amounts, in large part, to a challenge to that prosecution in several respects, including that (1) his guilty plea to that charge (since withdrawn) was unlawfully procured; (2) he was subject to an unreasonable search; (3) he has been held on excessive bail; (4) the conditions of his pretrial detention are unnecessarily severe; and (5) his right to free speech has been infringed, among other claims. (Dkt. 1 at 6-8.)

Speaking generally, the claims in Ismail's habeas petition can be separated into two groups. The first group of claims amounts to an attack the state court criminal proceedings—that is, Ismail does not believe that the state could lawfully prosecute him for having illegally possessed a gun. These claims fail because they have not been exhausted. Although 28 U.S.C. § 2241 does not itself contain a requirement that a habeas petitioner first exhaust alternative remedies available in state court, "federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241." *Olson v. Washington County*, No. 12-CV-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases).

---

[2]   The Court can take judicial notice of Ismail's state court docket. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

Further, once Ismail is sentenced and judgment is entered, the statutory exhaustion requirement of 28 U.S.C. § 2254(b) will apply to Ismail.

State courts, like federal courts, are empowered to vindicate the federal constitutional rights of criminal defendants, and nearly always, defendants proceeding in state court must afford the state courts an opportunity to adjudicate any claims of federal constitutional violations before presenting those claims to a federal court. To satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process before presenting those issues in an application for habeas relief in federal court." *Flores v. Gandi*, No. 25-CV-2321 (PAM/SGE), 2025 WL 2085576, at *2 (D. Minn. June 18, 2025), *R. & R. adopted*, No. CV 25-2321 (PAM/SGE), 2025 WL 2085348 (D. Minn. July 24, 2025) (citing *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010)). Here, the state's appellate review process has not yet begun. After Ismail is sentenced and judgement is entered, he may present his claims to the state appellate review process.[3]

Ismail's second group of claims amounts to an attack on the conditions of his confinement—that is, regardless of whether the ongoing prosecution against him is lawful, Ismail believes that he is not being treated lawfully while in pretrial detention. Claims challenging the conditions of a prisoner's ongoing confinement, however, cannot

---

[3]   Ismail need not wait to appeal his claims related to bail, as Minnesota law allows excessive-bail claims to be raised on appeal prior to judgment being entered. *See* Minn. R. Crim. P. 28.02 subd. 2(2)(a).

be raised through a habeas petition; such claims may be raised only through a non-habeas civil action.[4] *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014). A petition for a writ of habeas corpus is simply not the appropriate procedural vehicle through which to raise claims of custodial mistreatment.

Accordingly, it is recommended that Ismail's habeas petition be denied without prejudice in its entirety—the claims attacking the prosecution for failure to exhaust state remedies, the conditions-of-confinement claims for lack of jurisdiction. Only two further matters merit brief comment. First, because it is recommended that the habeas petition be summarily denied, it is further recommended that Ismail's pending application to proceed *in forma pauperis* also be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009). This Court does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" if this matter were to be dismissed on the grounds recommended above. *Slack v. McDaniel*,

---

[4] The Court is not able to reinterpret Ismail's pleading in this matter as being a civil complaint rather than a habeas petition, as relief would not be available under 42 U.S.C. § 1983 because Ismail has not named a specifically identifiable defendant who acted unlawfully. Dismissal of this habeas petition does not preclude Ismail from seeking relief on his conditions-of-confinement claim in a separate action.

4

529 U.S. 473, 484 (2000). It is therefore recommended that Ismail not be granted a COA.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Zhiwar Ismail [Dkt. No. 1] be DENIED WITHOUT PREJUDICE.

2. This matter be DISMISSED.

3. Ismail's application to proceed *in forma pauperis* [Dkt. No. 4] be DENIED.

4. No certificate of appealability be issued.

Dated: December 18, 2025

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).